In the Matter of Richard Kevin BELT.

No. 98S00–0212–DI–673.

Supreme Court of Indiana.

Feb. 24, 2003.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on December 26, 2002, advising that the respondent, Richard Kevin Belt, was disbarred by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On December 31, 2002, this Court issued an *Order to Show Cause*, to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Illinois and Indiana in 1981. Respondent's license to practice in Indiana has been suspended since May 17, 2000 due to respondent's failure to maintain the required number of continuing legal education credits. The respondent faced eight counts of misconduct in the State of Illinois. On July 26, 2002, the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission issued its report and recommendation. The respondent failed to appear for his hearing before the Board. The Board found the respondent had neglected client matters, failed to respond to numerous client requests for information, failed to return fees or other property belonging to clients or a third party, made misrepresentations concerning the status of a client matter, and failed to cooperate with the disciplinary process. The Board recommended that the respondent be disbarred. On November 26, 2002, the Illinois Supreme Court ordered that the respondent be disbarred. *In re: Richard Kevin Belt*, No. 01 CH 122. Pursuant to Illinois rule, an order of disbarment precludes a lawyer from seeking reinstatement for 5 years. Illinois Supreme Court Rule 767.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this state.

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
   (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
   (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;
   (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or
   (4) The misconduct established warrants substantially different discipline in this state.
   If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.
   (d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

IT IS, THEREFORE, ORDERED that the respondent, Richard Kevin Belt, is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in Illinois or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.